Scott H. ATWOOD, individually and on behalf of all others similarly situated, Plaintiff,

v.

INTERCEPT PHARMACEUTICALS, INC., Mark Pruzanski and David Shapiro, Defendants.

George Burton, individually and on behalf of all others similarly situated, Plaintiff,

v.

Intercept Pharmaceuticals, Inc., Mark Pruzanski and David Shapiro, Defendants.

Nos. 14 Civ. 1123 (NRB), 14 Civ. 1373 (NRB).

United States District Court, S.D. New York.

Signed May 15, 2014.

Filed May 16, 2014.

Samuel H. Rudman, Esq., David A. Rosenfeld, Esq., Robbins Geller Rudman & Dowd LLP, Melville, NY, Tor Gronberg, Esq., Trig R. Smith, Esq., Tricia L. McCormick, Esq., Robbins Geller Rudman & Dowd LLP, San Diego, CA, Jeremy A. Lieberman, Esq., Lesley F. Portnoy, Esq., Pomerantz LLP, New York, NY, for Plaintiff/Movant George Burton.

Michael G. Bongiorno, Esq., Shauna K. Friedman, Esq., Tamar Kaplan–Marans, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

NAOMI REICE BUCHWALD, District Judge.

These actions are brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5 against Intercept Pharmaceuticals, Inc. ("Intercept") and its Chief Executive Officer and Chief Medical Officer on behalf of a purported class of investors who purchased securities of Intercept between January 9 and 10, 2014 (the "Class Period"). Two investors, George Burton ("Burton") and Lee Mui Leng ("Leng"), filed motions seeking (1) to be appointed as lead plaintiff; (2) to have their attorneys appointed as lead counsel; and (3) to consolidate the two actions. Leng subsequently conceded that he did not have the largest financial stake, and he withdrew his motion, thus leaving Burton's motion unopposed. For the reasons set forth below, we grant the motion to consolidate the actions, and we appoint Burton as lead plaintiff and approve his selection of lead counsel.

## DISCUSSION

### I. *Consolidation of the Actions*

As the related securities class actions filed against Intercept contain the same factual and legal issues, we consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure. *See Teran v. Subaye, Inc.,* 2011 WL 4357362, at *1, 2011 U.S. Dist. LEXIS 105774, at *2 (S.D.N.Y. Sept. 16, 2011). The caption of the consolidated actions shall hereinafter be *"In re Intercept Pharmaceuticals, Inc. Securities Litigation."* All relevant filings and submissions shall be maintained as one file under No. 14 Civ. 1123 (NRB). Any other securities actions now pending or later filed in this district that arise out of or are related to the same facts as alleged in the above cases shall be consoli-

dated with these actions for all purposes under docket number 14 Civ. 1123 (NRB).

## II. *Appointment of Lead Plaintiff*

### A. The Private Securities Litigation Reform Act of 1995

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the appointment of a lead plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(1). It provides that within 20 days of the filing of the action, plaintiffs are required to publish a notice in a widely circulated business-oriented publication or wire service informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A). In appointing a lead plaintiff, we are to presume that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice (published by a complainant);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported class that the presumptive lead plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

### B. The Presumptive Lead Plaintiff

#### 1. *Timely Motion*

Burton meets the first requirement in that he has submitted his motion for lead plaintiff status in a timely manner.

#### 2. *Largest Financial Interest*

Burton claims that he purchased 1,000 shares of Intercept stock during the Class Period and sustained losses of over $100,000. Mem. of Law in Support of Burton's Mot. for Consolidation, Appointment as Lead Pl., and Approval of Selection of Counsel at 4. Because no other putative class member has moved for appointment as lead plaintiff, we need not compare his financial interest to those of other movants.[1]

#### 3. *Rule 23*

■ In order to qualify as the presumptive lead plaintiff, a movant must also satisfy the requirements of Rule 23. "However, at this stage of the litigation, the movant must only make a preliminary showing that the adequacy and typicality requirements have been met." *Casper v. Song Jinan,* 2012 WL 3865267, at *2, 2012 U.S. Dist. LEXIS 127821, at *6 (S.D.N.Y. Sept. 5, 2012) (internal brackets and quotation marks omitted).

##### i. *Typicality*

■ "The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Id.* (internal quotation marks omitted). Here, Burton and other putative class members allege that they purchased Intercept shares during the Class Period, suffered damages as a result of the company's allegedly misleading statements, and possess claims against Intercept and its officers under federal securities law. Therefore, Burton satisfies the typicality requirement under Rule 23 for purposes of qualification for lead plaintiff.

##### ii. *Adequacy*

■ "The adequacy requirement is satisfied where: (1) there is no conflict between the proposed lead plaintiff and the members of the class; (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) class counsel is qualified, experienced, and generally able to conduct the litigation." *Id.*

---

**1.** We note, however, that Burton's financial interest is greater than that of Leng, who claimed losses of $5,465. Mem. of Law in Support of

Leng's Mot. for Consolidation, Appointment as Lead Pl., and Approval of Selection of Counsel at 6.

at *2, 2012 U.S. Dist. LEXIS 127821, at *7 (internal brackets and quotation marks omitted). Burton's financial interest should ensure vigorous advocacy on behalf of the class. Further, there is no reason to believe that he has interests that are adverse to those of the putative class members or any other noteworthy conflict. Finally, Burton has retained Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as its lead counsel. As discussed below, this firm is experienced in prosecuting securities class actions.

### C. The Rebuttal Evidence

The presumption in favor of Burton may only be rebutted upon "proof by a member of the purported plaintiff class" that he will not fairly or adequately protect the interests of the class or is subject to unique defenses rendering him incapable of adequately representing the class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). No rebuttal evidence was submitted in this case.

### D. Conclusion

For the foregoing reasons, Burton is the presumptive lead plaintiff, and no member of the class has sought to establish his inadequacy. Therefore, we appoint Burton as lead plaintiff.

### III. *Appointment of Lead Counsel*

█ Finally, the PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u–4(a)(3)(B)(v). "Although the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Casper*, 2012 WL 3865267, at *3, 2012 U.S. Dist. LEXIS 127821, at *9–10 (internal quotation marks and citation omitted). As noted *supra*, Burton has selected Robbins Geller as its lead counsel. We find that this law firm has the experience and resources necessary to adequately litigate this case. Accordingly, we approve the selection.

### CONCLUSION

For the aforementioned reasons, the related actions are consolidated, Burton is ap-

pointed lead plaintiff, and Burton's selection of lead counsel is approved. Burton's counsel is hereby ordered to submit, after consulting with defense counsel, a proposed scheduling order or a letter regarding the next steps in this case within two weeks of the date of this filing.

**SO ORDERED.**